IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-369 (1) |
| | § | C.A. No. C-05-284 |
| FIDEL ARTURO DEL TORO- | § | |
|    ALEJANDRE, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING
## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
## AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Fidel Arturo Del Toro-Alejandre's ("Del Toro") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 22),[1] which the Court deems filed as of May 30, 2005.[2]  The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.  Del Toro's motion is subject to dismissal because he waived his right to file the claim he raises therein.  For this reason, discussed in more detail below,

---

[1]    Dockets entries refer to the criminal case, C-04-cr-369.

[2]    Although Del Toro's motion was received by the Clerk on June 3, 2005, it is dated May 30, 2005.  Thus, May 30, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266, 276 (1988).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).  The Court deems it filed as of the earlier date.

the Court DISMISSES the motion.  Additionally, the Court DENIES Del Toro a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On July 14, 2004, Del Toro was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 3 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  (D.E. 1).  On August 13, 2004, Del Toro pleaded guilty pursuant to a written plea agreement.  (D.E. 13, 14).  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 14).

The plea agreement contained a voluntary waiver of Del Toro's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The

2

> defendant waives the right to contest his/her conviction or
> sentence by means of any post-conviction proceeding.

(D.E. 14 at ¶ 7)(emphasis in original).

The Court questioned Del Toro under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. According to the electronic recording of the rearraignment, after ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Del Toro regarding his waiver of the right to file a § 2255 motion:

> THE COURT: And further, by this agreement, you are giving up your right to later challenge the conviction and your sentence by filing any post-conviction petitions to challenge your conviction or your sentence, or to correct it or to vacate your sentence. Do you understand?
>
> DEFENDANT: Yes.
>
> ...
>
> THE COURT: And do you want to give up your right to file any later petitions to revoke, to challenge your conviction or your sentence ?
>
> DEFENDANT: Yes.

(Digital Recording of 8/13/04 Rearraignment at 9:33-9:34). It is clear from the foregoing that Del Toro's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate

3

rights prior to accepting his plea). Del Toro stated that the written plea agreement had been read to him entirely in Spanish and that he discussed it with his attorney before he signed it. (Digital Recording of 8/13/03 Rearraignment at 9:31-9:32).

The Court sentenced Del Toro on October 21, 2004 to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 19, 20). Judgment of conviction and sentence was entered November 2, 2004. (D.E. 20). Consistent with his waiver of appellate rights, Del Toro did not appeal. Del Toro's timely § 2255 motion was filed May 30, 2005. (D.E. 22).

The sole claim he asserts therein is that his counsel was ineffective at sentencing for failing to ensure that he obtained relief pursuant to the so-called "safety valve." 18 U.S.C. § 3553(f); USSG § 5C1.2. The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. USSG § 5C1.2.

## III.  DISCUSSION

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir.

1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Del Toro has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims.  Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the sole claim in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744, (5th Cir. 2005)5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).  Nowhere in his motion does Del Toro challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[3]  Thus, his claim is subject to the waiver.

---

[3]     As noted, Del Toro's ineffective assistance of counsel claim only challenges his counsel's conduct at sentencing.

Moreover, the record shows that his waiver was knowing and voluntary.  It is clear from the rearraignment recording that Del Toro understood that he was waiving his right to file any post-conviction petitions, including any § 2255 motions.  His statements under oath are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001)(citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Del Toro's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court and is therefore DISMISSED WITH PREJUDICE.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253 (c)(1)(A).  Although Del Toro has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Del Toro has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is untimely and that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Del Toro's motion under 28 U.S.C. § 2255 (D.E.22) is DISMISSED WITH PREJUDICE.  The Court also DENIES him a Certificate of Appealability.

ORDERED this 22nd day of June 2005.

HAYDEN HEAD
CHIEF JUDGE

7